**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND**

CIVIL ACTION NO. 25-90-DLB

AUSTIN KOECKERITZ, by and through
TONYA SCHULER as Next Friend,                                              PLAINTIFF

VS.                          MEMORANDUM OPINION AND ORDER

THOMAS SMITH, Warden, et al.,                                              DEFENDANTS

*** *** *** ***

Austin Koeckeritz is a federal prisoner confined at the Federal Correctional Institution in Ashland, Kentucky. Koeckeritz is currently serving a 240-month term of imprisonment for child sex offenses out of Wisconsin. *See United States v. Koeckeritz*, No. 3: 23-CR-05-JDP-1 (W.D. Wisc. 2023). His mother, Tonya Schuler, has filed on his behalf a civil rights complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) regarding the conditions of his confinement. *See* (Doc. # 1); s*ee also* (Doc. # 3 at 3). To do so, she seeks permission to proceed as his next friend, invoking Rule 17(c)(2) of the Federal Rules of Civil Procedure. *See* (Doc. # 3). Schuler has also filed more than a dozen other motions, including a motion to proceed *in forma pauperis*, for both herself and her son to proceed anonymously, for numerous filings to be maintained under seal, to amend the complaint, for injunctive relief, to preserve evidence, to appoint counsel, to waive the certificate of service requirement, and for process service by federal marshals. *See* (Doc. # 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16).

1

## I.

The Court first considers Schuler's request that she and Koeckeritz be permitted to proceed anonymously. (Doc. # 3, # 12-14). Parties must generally proceed under their own names. Fed. R. Civ. P. 10(a). The Court may permit a party to proceed under a pseudonym by granting a protective order. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). To succeed on such a request, the moving party must demonstrate that his or her need for anonymity "substantially outweighs both the presumption that a party's identity is public information and the risk of unfairness to the opposing party." *Cf. Vargasan v. MG Freesites, Ltd.*, No. 4:22-CV-P47-JHM, 2022 WL 1414491, at *2 (W.D. Ky. May 4, 2022) (cleaned up).

To determine whether such an order is warranted, the Court considers:

(1)  whether the plaintiff is suing to challenge governmental activity;

(2)  whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy";

(3)  whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution;

(4)  whether the plaintiff is a child; and

(5)  whether anonymity would deprive the defendants of information needed to defend against the plaintiff's case.

*D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016); *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). Here, the first factor favors granting the relief requested, if only slightly. *Cf. G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012) (noting that governmental activity factor "usually applies to cases in which the plaintiff challenges governmental activity such as a policy or

statute."). However, all of the other factors weigh against permitting the plaintiff and his next friend to proceed under a pseudonym. Schuler and Koeckeritz do not present allegations involving "intimate" conduct, do not suggest that they intend to violate the law, and they are not children. With respect to Koeckeritz, it is difficult to fathom how the defendants could conceivably defend against his allegations of abuse and mistreatment without knowing whom they allegedly mistreated. Here, the complaint alleges misconduct by prison officials, claims that are routinely litigated in the public eye with considerable frequency in this and other courts. The circumstances do not warrant the relief requested. *See Doe v. Carson*, 2020 WL 2611189, at *2-3 (6th Cir. May 6, 2020); *Doe v. The Univ. of Akron*, No. 5:15-CV-2309, 2016 WL 4520512, at *4 (N.D. Ohio Feb. 3, 2016).

To support their requests, Schuler states in a single brief paragraph and in conclusory terms that she fears that prison staff will retaliate against her, harass her, or interfere with her ability to contact Koeckeritz. She also expresses concern about "private, sensitive matters." *See* (Doc. # 3 at 2). Koeckeritz identifies the same concerns. *See* (Doc. # 12 at 3; # 13 at 1; # 14 at 1). However, neither provides any specific facts to support those allegations. Any risk is particularly attenuated for Schuler, who resides several states away from where the defendants are located. The purely speculative nature of their stated concerns, unsupported by any evidence, also warrants denial. *Cf. Vargasan v. MG Freesites, Ltd.*, No. 4:22-CV-P47-JHM, 2022 WL 1414491, at *2 (W.D. Ky. May 4, 2022) (collecting cases).

And, in any event, Schuler has already filed or attempted to file numerous documents on Koeckeritz's behalf in several other court proceedings. Her name and address are publicly available in the dockets of those cases. *See United States v.*

3

*Koeckeritz*, No. 3: 23-CR-05-JDP-1 (W.D. Wisc. 2023) (Doc. # 154 therein); *Koeckeritz v. United States*, No. 24-3039 (7th Cir. 2024) (Doc. # 33 therein); *Koeckeritz v. Smith*, No. 3:25-CV-211-JDP (W.D. Wisc. 2025) (Doc. # 1 therein); *Koeckeritz v. Pierce Cty.*, No. 25-1977 (7th Cir. 2025) (Doc. # 47 therein); *Koeckeritz v. Smith*, No. 25-1958 (7th Cir. 2025) (Doc. # 38 therein).  Because Schuler's name and her association with Koeckeritz are already publicly available and knowable, no purpose would be served in permitting her to proceed anonymously in this single case.  The motions will be **denied**.

## II.

Schuler has also filed motions to have several documents maintained under seal. Courts of law are public, not private, tribunals, and a strong right of public access attaches when a document is filed or utilized in court proceedings.  *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F. 2d 1165, 1178-79 (6th Cir. 1983); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).  Therefore a presumption of public access to court records can only be overcome by the most compelling reasons.  *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).  And "neither harm to reputation of the producing party nor conclusory allegations of injury are sufficient to overcome the presumption in favor of public access."  *Wood v. Settles*, No. 1:20-CV-54-TAV-CHS, 2020 WL 1492762, at *1 (E.D. Tenn. Mar. 27, 2020) (*quoting In re Se. Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009)).

In her first motion, Schuler asks to file her name and address under seal.  *See* (Doc. # 4).  She again expresses, in a single sentence, fears of retaliation and harassment.  *See id*. at 1.  However, those expressed fears are stated in wholly conclusory terms and are unsupported by specific and credible evidence.  Further,

4

Schuler has previously filed documents in other court proceedings that publicly disclose her name, address, and association with Koeckeritz. This motion will be denied because Schuler has not "articulate[d] specific facts showing [that] clearly defined and serious injury" would result if the Court does not seal this filing. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (cleaned up); *see also Rudd Equip. Co. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016).

In the next motion, Schuler asks to file two documents under seal. *See* (Doc. # 9). The first is a proposed "supplement" to the complaint which adds new factual allegations and legal claims against new defendants. Much of this document consists of legal characterization and argument, with some limited factual detail. *See* (Doc. # 10 at 5-22). The second document, ("Exhibit B"), constitutes a recitation of certain facts undergirding the proposed supplement, first typed and then handwritten. In contrast to the first document, these writings relate factual details at length, including personal, medical, emotional and psychological matters. *See* (Doc. # 10 at 23-52). The stated basis for Schuler's request is, in its entirety, that sealing these documents is necessary "to protect the plaintiff from a substantial and immediate risk of retaliation and to safeguard sensitive, non-redacted personal information." *See* (Doc. # 9 at 1). As before, this assertion is cursory and not supported by any specific facts. The Court will therefore deny the motion in substantial part. Out of an abundance of caution, the Court will direct the Clerk to maintain Exhibit B, (Doc. # 10 at 23-52), under seal because it relays information that is more private in nature and in greater detail.

Finally, Schuler has filed a motion requesting a "protective order" pursuant to Civil Rule 26(c) to prevent dissemination of unspecified documents filed in the future. *See*

(Doc. # 16). However, what this motion really seeks is an undefined and open-ended injunction to prohibit retaliation against Koeckeritz based upon documents or information that may or may not be filed into the record in the future. *See id*. at 2-3. Given the lack of specificity in the motion, the failure to clearly delineate the reach of the relief requested, the failure to demonstrate any credible threat, and the fact that discovery has not commenced, the Court will **deny** the motion.

### III.

Schuler next seeks to proceed as Koeckeritz's next friend. The applicable civil rule provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). As this Court has noted:

> The term "incompetent person" in Rule 17(c) refers to "a person without the capacity to litigate." *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990), *aff'd*, 32 F.3d 566 (5th Cir. 1994), *cert. denied*, 513 U.S. 1167 (1995). Next friends appear in court on behalf of persons who are unable to seek relief themselves, usually because of mental incompetence. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).

*Mickelson v. Mickelson*, No. 5:16-CV-267-KKC, 2016 WL 3951085, at *1 (E.D. Ky. July 20, 2016). Kentucky law governs whether Koeckeritz is incompetent as required to afford Schuler standing to sue on his behalf. *See Cody through Szabo v. Kenton Cnty. Pub. Sch.*, No. 2:20-CV-103-WOB-CJS, 2023 WL 1952791, at *5 (E.D. Ky. Feb. 10, 2023). And "[u]nder Kentucky Rule of Civil Procedure 17.03, a person is not found to be incompetent or of 'unsound mind' for the purposes of appointing a guardian or allowing a next friend to bring an action unless they have been so adjudicated." *Id.* (*citing Goff v. Walker ex rel. Field*, 809 S.W.2d 698, 699 (Ky. 1991) and *Straney v. Straney*, 481 S.W.2d

292, 293–94 (Ky. 1972)).  Here, Schuler points to no such adjudication.  Notably, at no time since the criminal prosecution against him commenced in January 2023 did Koeckeritz assert that he was (or might be) incompetent or seek a hearing on the matter, nor did the trial court find him to be incompetent.  And Koeckeritz entered into a plea agreement with the government in November 2023, which the trial court would not have accepted without a hearing at which it concluded that he did so knowingly and voluntarily.

Some courts have applied a more flexible standard to determine incompetency under Kentucky law.  *Cf. Wright v. Louisville Metro Gov't*, No. 3:21-CV-00308-BJB-CHL, 2024 WL 4432518, at *2 (W.D. Ky. June 17, 2024).  Regardless, Schuler would fail to meet it.  She states, without explanation or elucidation, only that Koeckeritz "is currently incapacitated or otherwise unable to access the court system[.]"  (Doc. # 3 at 1).  But Koeckeritz's filings in this case and in numerous other courts dramatically undermine any notion that he is unable to seek relief on his own behalf.

First, in the thirty-page "Exhibit B" filed under seal in this case, Koeckeritz relays at significant length and in great detail events allegedly transpiring at the prison in September 2025.  Koeckeritz's writing displays a better-than-average vocabulary and he presents facts in an orderly, reasoned fashion.  *See* (Doc. # 10 at 23-52).  Earlier this year, Koeckeritz prepared and Schuler filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 that was similarly cogent.  *Koeckeritz v. Smith*, No. 3:25-CV-211-JDP (W.D. Wisc. 2025).  In July 2025, Koeckeritz filed a *pro se* motion in his criminal case seeking the return of certain property.  That motion set forth a detailed factual basis for the request and contained extensive legal argument with citation to authority.  *See United States v. Koeckeritz*, No. 3: 23-CR-05-JDP-1 (W.D. Wisc. 2023) (Doc. # 207 therein).

And in the last three months, Koeckeritz has filed numerous *pro se* motions – some of which include extensive citations to a complex record as well as legal arguments – in an appeal pending before the Seventh Circuit. *See United States v. Koeckeritz*, No. 24-3039 (7th Cir. 2025), (Doc. # 18, 19, 22, 23, 24, 25, 26, 27, 30, 32 therein). In short, there is no evidence to suggest that Koeckeritz is incompetent as required to permit a third party to seek relief on his behalf.

The Court will therefore deny Schuler's request to proceed as his best friend.[1] Having done so, the Court will dismiss the complaint, without prejudice, because Schuler lacks standing to assert its claims. The Court will deny the remaining motions as moot.

Accordingly, it is **ORDERED** as follows:

1. The Motion to Appoint Next Friend and to Proceed Under Confidential Identity (Doc. # 3) is **DENIED**.

2. The Motion to Proceed Under Pseudonym and to File Under Seal / With Protective Order (Doc. # 12); Motion to Proceed Under a Pseudonym ("John Doe") (Doc. # 13); and Motion to Proceed Under a Pseudonym ("John Doe") and to Amend Public Docket (Doc. # 14) are **DENIED**.

---

[1] Even if Schuler could demonstrate Koeckeritz's inability to represent himself, she may not represent his interests as next friend unless she herself is represented by counsel. *See* 28 U.S.C. § 1654; *Carre v. Nutton*, No. 25-CV-11628, 2025 WL 2166009, at *1 (E.D. Mich. July 30, 2025) ("… a non-lawyer cannot serve as a next friend unless she, herself, has a lawyer.") (*citing Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2002) (plaintiffs may not appear pro se where "interests other than their own are at stake."); *Rayner v. Rees*, No. 3:07 CV P124 S, 2007 WL 2258835, at *1 (W.D. Ky. July 31, 2007) ("The right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children, even their minor children, in § 1983 proceedings before a federal court.") (citations omitted).

3. The Motion to File Next Friend Identifying Information under Seal (Doc. # 4) and Motion for Protective Order to Restrict Access to Sensitive Filings and to Prevent Retaliation (Doc. # 16) are **DENIED**.

4. The Motion for Leave to File Documents Under Seal **(Doc. # 9)** is **DENIED IN PART** and **GRANTED IN PART**.

5. The Clerk is directed to **UNSEAL** the Motion for Declaration of Identity and Next Friend Standing (Doc. # 5) and the Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc # 6-1).

6. The Clerk shall maintain (Doc. # 10) **UNDER SEAL**.  The Clerk shall **FILE** in the publicly-accessible docket:

   a. the Motion to Amend (Doc. # 10 at 2-4);

   b. the Proposed Supplemental Complaint (Doc. # 10 at 5-22);

   c. the Motion for Preliminary Injunction and Temporary Restraining Order Based on New Evidence (Doc. # 10 at 53-56);

   d. the Motion to Preserve All Evidence (Doc. # 10 at 57-60);

   e. the Supplemental Declaration of Next Friend in Support of Motion for Emergency Relief (Doc. # 10 at 61-64); and

   f. the Motion for Service of Process by U.S. Marshals Service (Doc. # 10 at 65-66).

7. The complaint (Doc. # 1) is **DISMISSED** without prejudice.

8. All pending motions are **DENIED** as moot.

9. This matter is **STRICKEN** from the docket.

This 8th day of October, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Koeckeritz 0-25-90 Memorandum.docx

10